1

2

3

4

5                                    IN THE UNITED STATES DISTRICT COURT

6

7                                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    BERNARD MITCHELL,                              No. C 15-05006 JSW

10              Plaintiff,

11      v.

12   DEUTSCHE BANK NATIONAL TRUST             **ORDER GRANTING MOTION TO**
     COMPANY, ET AL.,                         **DISMISS; DENYING MOTION TO**
13                                            **STRIKE MOTION; DENYING MOTIONS**
              Defendants.                     **FOR SANCTIONS**
14   _____/

15

16          Now before the Court is the motion to dismiss filed by Defendant Deutsche Bank National

17   Trust Company ("Deutsche Bank").  Also before the Court are Plaintiff Bernard Mitchell

18   ("Mitchell")'s motion to strike the motion to dismiss, his objections to the request for judicial notice,

19   and the parties' cross-motions for sanctions.  Having considered the parties' papers, the relevant

20   legal authority, and the record in this case, the Court GRANTS Deutsche Bank's motion to dismiss

21   and DENIES Mitchell's motion to strike and objections to the request for judicial notice.[1]  Further,

22   the Court DENIES the parties' cross-motions for sanctions.

23                                            **BACKGROUND**

24          According to the record in this and the related matters, on May 3, 2007, Plaintiff obtained a

25   $648,000 loan from IndyMac Bank, FSB secured by a Deed of Trust on his property located at 2132

26   Longview Way in San Leandro, California.  (Complaint at 7-8.)  Plaintiff subsequently stopped

27

28          [1]  The Court GRANTS the request for judicial notice pursuant to Federal Rule of Evidence 201
     to the extent those documents are relied upon within.  Further, the Court is not required to accept as true
     allegations in the complaint that are contradicted by judicially noticed facts.  *See Sprewell v. Golden
     State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

*United States District Court*
For the Northern District of California

making payments and OneWest, which had purchased the loan from the FDIC as receiver after the FDIC closed IndyMac, foreclosed. Deutsche Bank purchased the subject property at the trustee's sale.

After multiple cases in both federal and state court as well as filings for bankruptcy over the course of the past six years, Mitchell now contends that he mailed a notice of right to cancel to IndyMac in Rancho Cardova, California on May 6, 2007 and also hand-delivered a copy of this notice at the same address. (*Id*. at 10-11.) Mitchell alleges that IndyMac then funded a new loan, with a different loan number, and attempted to merge the two loans without following proper notification procedures. (*Id.* at 10-17.) Mitchell alleges that on July 15, 2015, Deutsche Bank claimed to be an assignee of the note allegedly voided on May 5, 2007. (*Id.* at 24.)

Based on these new allegations, Mitchell has now filed suit for violations of the Truth and Lending Act ("TILA"), 15 U.S.C. sections 1641(g)(1) and 1635, for declaratory relief, cancellation of instrument, and unfair, unlawful and deceptive business practices under California Business and Professions Code section 17200 *et seq*. Deutsche Bank moves to dismiss. Mitchell moves to strike the motion, objects to the request for judicial notice. Both parties move for sanctions pursuant to Federal Rule of Civil Procedure 11.

The Court shall address additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.    Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

United States District Court

For the Northern District of California

1    Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must

2    instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A

3    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

5    556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are

6    insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.

7    *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc.*

8    *v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

9    As a general rule, "a district court may not consider any material beyond the pleadings in

10   ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled*

11   *on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation

12   omitted). However, documents subject to judicial notice may be considered on a motion to dismiss.

13   In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack*

14   *v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by*

15   *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may review matters

16   that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

17   **B.    Motion to Dismiss.[2]**

18       **1.    Res Judicata Effect of State Court Action.**

19   Deutsche Bank moves to dismiss this case on the basis that the allegations of Mitchell's

20   current claims concerning the foreclosure on his property are barred by res judicata premised upon

21   the entry of judgment in the state court unlawful detainer action. The doctrine of res judicata and

22   collateral estoppel "is a rule of fundamental and substantial justice, of policy and of private peace,

23   which should be cordially regarded and enforced by courts." *Federated Dep't Stores, Inc. v. Moitie*,

24   452 U.S. 394, 401 (1981). Pursuant to 28 U.S.C. section 1783, federal courts are required to give

25

26   [2]    Mitchell both opposes the motion to dismiss and moves to strike the motion on the basis that Deutsche Bank has not proven it has standing to seek dismissal of the suit. Mitchell's argument evidences a distinct misunderstanding of the applicable law. Plaintiffs must establish that they have

27   standing to pursue a case. Defendants do not require standing to seek dismissal; rather plaintiffs must ensure that they have chosen the correct defendant to sue. Mitchell's arguments to the contrary are

28   unpersuasive and his motion to strike is duplicative. Mitchell's motion to strike the motion to dismiss is DENIED.

preclusive effect to a state court judgment just as a state court would. *See, e.g., McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 287 (1984) ("Our cases establish that § 1738 obliges the federal courts to give the same preclusive effect to a state-court judgment as would the courts of the States rendering the judgment.").

The doctrine of res judicata "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).

In determining whether two claims are the same, the Ninth Circuit employs the following criteria: "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same 'transaction.'" *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) (internal quotation marks and citation omitted). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (internal quotation marks and citation omitted). California law requires the same analysis under the primary right theory. *See, e.g., Crowley v. Katleman*, 8 Cal. 4th 666, 681-82 (1994).

Here, it is clear that Mitchell's new claims against Deutsche Bank in this action arise out of the same property rights and challenge to the validity of the foreclosure proceedings. Here, just as in the state court unlawful detainer action, Mitchell challenges the foreclosure against his property. The two suits involve the same evidence, allege infringement of the same rights, and are premised upon the same set of transactions. Although the causes of action may differ, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Id.* (citing *Slate v. Blackwood*, 15 Cal. 3d 791, 795 (1975)).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    This action is the seventh in a series of lawsuits concerning the foreclosure proceedings

2   relating to Mitchell's property and its financial consequences, filed in federal courts, state court, and

3   in the bankruptcy court.  This is the third case filed in federal court concerning the same property –

4   two former cases were filed in this Court and this current case was originally filed in the Central

5   District and was transferred and related to the previous actions before this Court.  During the

6   unlawful detainer proceedings in state court, Deutsche Bank's title to the property was in dispute.

7   The unlawful detainer action was actively litigated, including a summary judgment motion in which

8   Mitchell filed a lengthy opposition that raised multiple defenses against Deutsche Bank.  Mitchell

9   sued Deutsche Bank and challenged the validity of the sale and the foreclosure proceedings.  In all

10  of the previous filings, Mitchell has never represented that he rescinded the loan and he has not filed

11  any actions for violations of TILA.  Now, for the first time, Mitchell alleges that Deutsche Bank,

12  who has been a defendant in the other suits, only recently produced evidence that demonstrates it

13  claims to be an assignee of the note allegedly voided by Mitchell on May 5, 2007.  Accordingly,

14  Mitchell contends he is entitled to file suit again against the same defendant and allege the loan was

15  void.  Mitchell did not raise a rescission defense in his comprehensive filings in the unlawful

16  detainer action or in any of the suits spanning the past five years did he allege that the disputed loan

17  was void.

18    After having introduced various defenses attacking the validity of the sale, and, by virtue of

19  the state court's entry of judgment on the merits, having not prevailed on his defenses, Mitchell

20  cannot now be heard to claim that the unlawful detainer action was limited in scope and is not

21  entitled to preclusive effect.  *See, e.g., Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th

22  968, 973-96 (2010) (holding that comprehensive unlawful detainer judgment had preclusive effect

23  on further challenges to validity of foreclosure).  Although Mitchell did not in fact raise the current

24  attack on the validity of the foreclosure, and did consistently maintain that he had entered a valid

25  loan with IndyMac and challenged the foreclosure proceedings on alternate grounds, the Court finds

26  Mitchell could have raised this defense in his challenge to the validity of the foreclosure

27  proceedings.  On this basis, the precedent cited by Mitchell is inapposite as he did decided to litigate

28  and premised years of such litigation on the validity of his loan.  *Cf Jesinoski v. Countrywide Home*

*Loans, Inc.*, 135 S. Ct. 790, 792-93 (2015) (holding that a borrower need not litigate within the statutory period for the notice of rescission to exercise their rescission right).  The same claims could have been made in the earlier suit and Mitchell had multiple opportunities to raise such a challenge.  The challenges he chose to litigate, however, factually contradict the position Mitchell assumes now in order to make out a FISA claim.  Mitchell's rights were adjudicated on the merits resulting in a final judgment.  Accordingly, in its discretion, this Court finds the claims raised by this suit are barred by operation of the doctrine of res judicata.[3]

**C.      Motions for Sanctions.**

Both parties move for sanctions pursuant to Federal Rule of Civil Procedure 11.  Mitchell's motion for sanctions, premised upon the mistaken legal fiction that a defendant must prove its own standing to seek dismissal of the lawsuit, is not well-taken.  It is unclear from the current record whether Mitchell intended to withdraw his sanctions motion once this matter was transferred to the undersigned.  Regardless, to the extent it is briefed and under submission, it is DENIED.

With regard to Deutsche Bank's motion for sanctions, although the Court finds that Mitchell's new theory of liability is legally untenable, in its discretion, the Court declines to levy sanctions.  Mitchell and his counsel are admonished, however, that the claims for liability on the property have been exhausted by decisions made on the loan and loan processing in state court. Accordingly, the Court expects there will be no further claims filed on this matter.

---

[3]     Mitchell's claims are also barred by the running of the applicable statutes of limitation.  The transactions relating to the property at issue were alleged to have occurred in May of 2007 and this matter was filed in August of 2015.  The Court is not persuaded that the allegation that Deutsche Bank only recently disclosed its ownership of the loan fundamentally changes the theory of liability.  In the past several years of litigation, including multiple rounds of motions practice, depositions, and filings in bankruptcy court, Mitchell has never alleged or testified that he rescinded the subject loan, regardless of which defendant owned it.  The alleged recent discovery of Deutsche Bank's ownership interest does not persuade the Court that there is a reasonable ground to toll the applicable statutes of limitation on Mitchell's substantive claims.  Accordingly, the claims, if not barred by res judicata, would be dismissed on this alternative ground.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Deutsche Bank's motion to dismiss, DENIES Mitchell's motion to strike, and DENIES the cross-motions for sanctions.  A separate judgment shall issue.  This matter is terminated and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   January 21, 2016

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7